86 1004
88 351

## Staunton.

### NORFOLK & WESTERN R. R. CO. V. PENDLETON.

#### SEPTEMBER 15th, 1890.

1. RAILROADS—*Rates—Power of State.*—A state has the right to limit reasonably the amount of charges by a railroad company for the transportation of persons and property within its own jurisdiction, unless restrained by some contract in the charter, or unless what is done amounts to a regulation of foreign or interstate commerce.

2. N. & W. R. R. Co.—*Regulation of tolls.*—As successor of A., M. & O. R. R. Co. the N. & W. R. R. Co. is subject to the section of the former's charter which provides that it shall be subject to all the laws of this state, whereof the act of 1853, prescribing what rates of toll shall be charged for transportation, is one, notwithstanding any provision in the charter granted in 1848 to its predecessor, the L. & T. R. R. Co., giving it the power to regulate its own tolls until a certain event, which has never occurred.

3. IDEM—*Excessive tolls—Declaration.*—In action against railroad company for charging over tolls, it is sufficient if the declaration conform to the act under which it is drawn, and unnecessary that it aver that defendant is not within the exceptions in secs. 1 and 58, ch. 61, Code 1873.

4. APPELLATE JURISDICTION—*Constitution.*—Irrespective of amount involved, the case at bar, so far as the act of 1853 is applicable to it, is within the jurisdiction of this court, as the constitutionality of that act is involved.

Error to judgment of circuit court of Wythe county rendered December 16, 1889, in an action of debt, wherein Edmund Pendleton was plaintiff and the Norfolk and Western railroad company was defendant. Its object was to recover certain penalties for over charges on the transportation of fertilizers. Opinion states the case.

*W. H. Bolling,* for the plaintiff in error.

*D. S. Pierce*, for the defendant in error.

Lewis, P., delivered the opinion of the court.

The declaration, which contains eight counts, alleges that at various times, which are specified, the plaintiff shipped from Wytheville to other points on the defendant's road, certain quantities of a specific manure, commonly called phosphate fertilizer, for which the defendant charged and collected freight at a rate exceeding four cents per ton of 2,240 pounds per mile, contrary to the statute in such case made and provided. The points mentioned in the declaration are on the line of what was formerly the Lynchburg & Tennessee railroad, which is one of the components of the defendant corporation.

The action is founded on the provisions of sections 17 and 18 of chapter 61 of the Code of 1873. The last mentioned section enacts that " on a railroad on which different rates are not prescribed by law, the following rates of toll may be charged for transportation, to-wit: * * * on gypsum, lime, guano, and other specific manures, not exceeding four cents per ton of 2,240 pounds per mile." And by the seventeenth section it is enacted that for any violation of the eighteenth section, the offending company shall forfeit to the injured party a sum, to be recovered by motion or action, of not less than twenty-five nor more than one hundred dollars. The eighteenth section is taken from an act passed January 14, 1853, which was intended to apply to the railway corporations of the commonwealth generally. Acts 1852–3, p. 62.

A jury being waived, judgment was rendered for the plaintiff for $200 and costs, to which judgment a writ of error was awarded by one of the judges of this court.

The main defense relied on in the court below, and here, is, that the defendant company is not subject to the provisions of the statute above quoted, and the grounds of this contention are : That the Norfolk & Western railroad company is the suc-

cessor of the Atlantic, Mississippi & Ohio railroad company, which was the successor of the Virginia and Tennessee railroad company, which was the successor of the Lynchburg & Tennessee railroad company; that by the third section of the charter of the last mentioned company, which was granted in 1848, it was provided that the tolls of the said company should be regulated and prescribed by the president and directors of the company, with the proviso, that if at any time the rates of toll and transportation should enable the president and directors, after paying all necessary expenses, and after setting apart a fair and reasonable sum for renewal and repairs of the road, warehouses; etc., to divide more than fifteen per cent. on their capital stock invested, then the legislature might regulate and reduce the tolls; and that at no time since its organization has its rates of toll and transportation enabled the defendant company, after payment of necessary expenses, etc., to divide more than fifteen per cent. on its capital stock invested.

The argument is, that the foregoing provisions of the charter of the Lynchburg & Tennessee railroad company constituted a contract with the company, the obligation of which cannot be impaired by subsequent legislation, and, moreover, that by the fourteenth section of the charter of the Atlantic, Mississippi & Ohio railroad company, which was granted in 1870, it was provided that the last mentioned company should, among other things, be vested with all the rights of franchise of the Virginia & Tennessee and the Lynchburg & Tennessee railroad companies, and that the defendant company succeeded to those rights as the successor of the Atlantic, Mississippi & Ohio railroad company.

This argument, however, overlooks the fifth section of the act incorporating the Atlantic, Mississippi & Ohio railroad company, which must be read in connection with the fourteenth section, whereby it was provided that the company should be subject to all the laws of the commonwealth which apply to the railway corporations thereof generally, and the

act of 1853 is, as we have seen, such a law. Acts 1869–70, p. 182; Acts 1852–3, p. 62. The defendant company, as the successor by purchase of the Atlantic, Mississippi & Ohio railroad company, is, of course, bound by this provision, and is consequently subject to the provisions of the act last above mentioned. In other words, it succeeded to the right to operate a railroad, but subject, as to the regulation of its tolls, to the general laws of the commonwealth aforesaid. For the right of a state to reasonably limit the amount of charges by a railroad company for the transportation of persons and property within its own jurisdiction, unless restrained by some contract in the charter, or unless what is done amounts to a regulation of foreign or inter-state commerce, is well settled and not disputed. *Railroad Commission Cases*, 116 U. S., 307; *Railroad Company* v. *Maryland*, 21 Wall., 456; *Chicago, &c., Railroad Company* v. *Iowa*, 94 U. S., 155; *Ruggles* v. *Illinois*, 108 U. S., 526.

Nor was there error in overruling the demurrer to the declaration. It is contended that the declaration is bad, because it fails to aver that the defendant company is not within the exceptions contained in sections 1 and 58 of chapter 61 of the Code of 1873. But such an averment was not necessary. The declaration conforms to the act under which it was drawn, and that is all that was required.

It need only be added that the motion of the defendant in error to dismiss the writ of error for want of jurisdiction must be overruled. The constitutionality of the act of 1853, as applied to the present case, is drawn in question, and that is sufficient to give this court jurisdiction, although the matter in controversy here is less in amount than five hundred dollars.

The judgment of the circuit court must therefore be affirmed.

JUDGMENT AFFIRMED.