## Staunton.

### N. & W. R. R. Co. v. PENDLETON.

September 10th, 1891.

1. RAILROAD COMPANIES—*Overcharges.*—As successor of the A. M. & O. R. R. Co. the N. & W. R. R. Co. is subject to the section of the former's charter which provides that it shall be subject to all the laws of this state, whereof the act of 1853, prescribing what rates of toll shall be charged for transportation, is one, notwithstanding any provision in the charter granted in 1848 to its predecessor, the L. & T. R. R. Co., giving it the power to regulate until a certain event which has never occurred. *N. & W. R. R. Co.* v. *Pendleton,* 86 Va. 1004, approved.

2. IDEM—*Excessive tolls—Declaration.*—In action against railroad company for charging over tolls, it is sufficient if the declaration conform to the act under which it is drawn, and unnecessary that it aver that defendant is not within the exceptions in §§ 1 and 58, ch. 61, Code, 1863.

Error to judgment of circuit court of Wythe county, rendered at its March term, 1891, in an action of debt wherein Edmund Pendleton was plaintiff, and the Norfolk and Western railroad company was defendant. The judgment was for $800 and costs in favor of the plaintiff, and defendant brought the case here on writ of error and *supersedeas.* The case is similar to the case of *N. & W. R. R. Co.* v. *Pendleton,* 86 Va. 1004.

*William H. Bolling,* for plaintiff in error.

*D. S. Pierce,* for defendant in error.

LEWIS, P., delivered the opinion of the court.

Opinion.

This was an action of debt in the circuit court of Wythe county, by Edmund Pendleton against the Norfolk and Western railroad company, to recover penalties for alleged overcharges for the transportation of certain fertilizers. There was a judgment for the plaintiff for $800 and costs. The case, except as to the amount involved, is like the case of *Norfolk and Western Railroad Company* v. *Pendleton*, 86 Va. 1004, in which case a judgment in favor of the same plaintiff was affirmed.

It is needless to repeat what was there said. It is enough to say that upon reconsideration we adhere to the ruling in that case, and are therefore of opinion, for the reasons given in that case, to affirm the judgment in the present case.

JUDGMENT AFFIRMED.